## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Charles Yancey Boudreaux,<br><br>　　　　　　　Plaintiff,<br><br><br><br>　　-v.-<br><br>Pollak & Rosen P.A.,<br>Autovest Financial Services, LLC,<br><br>　　　　　　　Defendant(s). | C.A. No: 3:22-cv-146<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Charles Yancey Boudreaux (hereinafter "Plaintiff") brings this Complaint by and through his attorneys, Zeig Law Firm, LLC, against Defendant Pollak & Rosen P.A. (hereinafter "Defendant Pollak & Rosen") and Defendant Autovest Financial Services, LLC (hereinafter "Defendant AFS") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.　　Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Duval.

8. Defendant Pollak & Rosen is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and as used in the FDCPA, with a business address of 806 S Douglas Rd., Suite 200 Coral Gables, FL 33134.

9. Upon information and belief, Defendant Pollak & Rosen is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts.

10. Defendant AFS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and as used in the FDCPA, with a standard principal address of 26261 Evergreen Rd Ste 390, Southfield, MI 48076-4447 and an address for service of process of Corporation Service Company 1201 Hays St, Tallahassee, FL 32301.

11. Upon information and belief, Defendant AFS is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts.

**FACTUAL ALLEGATIONS**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

13. On or around October 27, 2021, Defendant Pollak & Rosen began collection for an obligation that was originally incurred to First Investors Financial Services, Inc.

14. The debt arose out of a automobile loan issued to Plaintiff to purchase a new 2018 Mitsubishi Outlander. Plaintiff purchased this consumer good for personal purposes as it was his only car.

3

15.     Plaintiff subsequently fell into difficult financial straits and had to sell his car to relieve himself of the monthly burdens of paying his outstanding loan on the car.

16.     Plaintiff sold his car to a nonparty to this action for $800 plus the obligation to take over the note. (See a true and accurate copy of Ownership Transfer Agreement attached as Exhibit B.)

17.     Plaintiff was under the belief that he no longer owned the subject vehicle and would therefore not be responsible for any monthly payments.

18.     Due to his financial problems, Plaintiff moved from Texas to Florida and moved between a few houses before ending up at his current address.

19.     He had no knowledge of any alleged obligation to pay the remainder of the note until he received a letter from Defendant Pollak & Rosen on October 27, 2021. (See a true and accurate copy of the Collection Letter attached as Exhibit A.)

20.     Plaintiff maintains that he does not owe the subject debt, as he sold the car and the note to a third party.

21.     Nevertheless, Pollak & Rosen state that there is a balance of $20,057.74 as of the date of the letter.

22.     Additionally, the letter states "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

23.     Despite the fact that he maintains that he does not owe the debt, Plaintiff remembers the balance he once owed on the loan to be significantly lower than the stated amount.

24.     Plaintiff called Defendant Pollak & Rosen on December 7, 2021 to try and get to the bottom of this issue.

25. While on the phone, a Pollak & Rosen representative told Plaintiff that the real amount of the debt owed was $19,143.32, an amount almost a thousand dollars lower than the stated amount on the subject letter.

26. Furthermore, in contrast to the warning on the subject letter that the balance is increasing, from October 27, 2021 to December 7, 201, the balance dropped.

27. Plaintiff has been in and out of work and does not have much money to pay off this debt, but he was still willing to try to settle the underlying debt to make peace and remove this burden once and for all.

28. When Defendant Pollak & Rosen told him a completely different amount on the phone and in their letter, Plaintiff was suspicious that Defendant Pollak & Rosen were engaging in some type of fraudulent activity.

29. Then, less than two months after finding out that the subject debt still allegedly belongs to him, Plaintiff was served with a summons for the underlying debt (Matter No. 3413857 in Duval County Courthouse).

30. However, this time, Defendant AFS alleges that the outstanding debt is $15,460.71, an entirely different amount from both amounts Plaintiff was previously told by Defendant Pollak & Rosen.

31. Plaintiff is terribly frustrated by this debt collection. Every time the Defendants contact him they tell him a different amount of money that he owes to satisfy the debt.

32. Plaintiff was embarrassed that this debt came back to haunt him after he believed he had discharged his obligations by selling the note and his car to a third party.

33. It is an abusive debt collection practice to first inform a consumer that he owes a debt and then sue him less than two months later, without giving him a fair chance to try and work out his finances to pay.

34. It is further abusive to misstate the amount of debt owed and provide Plaintiff with different balances due on each communication.

35. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

36. Upon information and belief, the original creditor First Investors Financial Services, Inc. sold the subject debt to Defendant AFS to collect the alleged debt.

37. Defendant AFS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

38. Therefore, Defendant AFS is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

39. Upon information and belief Defendant AFS contracted Defendant Pollak & Rosen to collect the subject debt.

40. Defendant Pollak & Rosen collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

41. Therefore, Defendant Pollak & Rosen is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

42. Defendant AFS has policies and procedures in place that govern Defendant Pollak & Rosen's debt collection practices, specifically with regard to collecting the subject debt, and generally with regard to collecting similarly situated debts, thereby evidencing AFS's control over Defendant Pollak & Rosen's collection practices.

43. By virtue of the relationship between the two Defendants, Defendant AFS exercised control over Defendant Pollak & Rosen while the latter was engaged in collecting debts on behalf of the former.

44. Therefore, Defendant AFS should be held vicariously liable for any and all violations committed by Defendant Pollak & Rosen.

*Violation – Collection Letter sent to Plaintiff on October 27, 2021*

45. On or about October 27, 2021, Defendant Pollak & Rosen sent Plaintiff an initial collection notice regarding the alleged debt owed. (A true and accurate copy of the "Letter" is attached hereto as Exhibit A.)

46. As in initial matter, the Letter is deceptive as Defendant is seeking collection for a debt that Plaintiff does not owe.

47. As a second matter, the balance sought is false.

48. The Letter states a Balance Due of $20,057.74.

49. The Letter further states, "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

50. Defendant Pollak & Rosen overstated Plaintiff's balance, added pressure that the debt would increase due to interest, and sought to extract payment from Plaintiff for an amount not truly owed to the creditor.

51. Defendant Pollak & Rosen designed the subject Letter to instill a sense of false urgency to pay a debt that was inflated.

52. Subsequently, on December 7, 2021, Plaintiff called Defendant Pollak & Rosen to verify the amount due in the Letter, as it seemed much higher than what he was already familiar with.

53. A representative from Defendant Pollak & Rosen's law firm said that the correct balance due was in fact $19,143.32,.

54. Accordingly, the Letter overstates Plaintiff's balance due by $914.42. This is material as it goes to the amount of debt due, the most material term on the dunning letter.

55. Despite the fact that Plaintiff maintains he does not owe the subject debt, as he sold the car related to the subject debt, he would have been willing to pay the subject debt for the sake of peace-making and moving forward.

56. However, when he realized that Defendant Pollak & Rosen was misstating the amount due and trying to take advantage of him, it affected his decision regarding how to handle the subject debt.

57. The Letter warns that the balance may increase due to interest and fees, when in fact the debt seems to be decreasing over time.

58. After speaking with Defendant Pollak & Rosen's representative, it is clear that the subject Letter is false and deceptive.

   a) One reasonable consumer could understand that the balance stated in the Letter was false.

   b) Another reasonable consumer could understand that the balance was correct, but the statement "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" was false, as the balance decreased from October 27, 2021 to December 7, 2021.

   c) A third reasonable consumer could understand that both the balance and the statement was false, as Defendant was only trying to induce payment for as much as it could without conveying the true amount, character and legal status of the subject debt.

59. Therefore, the Letter is deceptive as it is open to more than one reasonable interpretation.

60. Defendant Pollak & Rosen failed to discharge its obligation to the consumer by failing to disclose the true amount and true character of the subject debt.

61. This tactic was used to inflict a sense of false urgency in the mind of Plaintiff and pressure him to quickly pay a debt he did not owe.

62. Plaintiff had to spend time and money investigating this collection to determine how much he was allegedly supposed to pay in light of the fact that the Letter did not reflect a real amount of debt due.

63. Then, to make matters worse, less than two months after informing Plaintiff that he owed a debt, Defendants sued Plaintiff for a different amount of money – this time $15,460.71.

64. Defendants law suit was filed for the purpose of vexatious litigation against Plaintiff.

65. They did not even provide him with an accurate amount of debt owed and failed to give him any proper warning that he would be imminently sued if he did not pay.

66. Furthermore, the subject letter even states, "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

67. Upon information and belief, no attorney ever reviewed Plaintiff's particular circumstances prior to Defendants filing suit.

68. Had Defendants performed a proper review, they would have understood that they were dunning the wrong person.

69. At the very least, had Defendants provided Plaintiff with a reasonable amount of time to settle the debt, Plaintiff could have tried to satisfy Defendants' demands.

70. As a result of Defendant's deceptive, misleading, unfair, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

71. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

72. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Defendants violated §1692e:

   a. By falsely representing the character, amount, or legal status of the debt, in violation of §1692e(2);

   b. By making a false and misleading representations in violation of §1692e (10);

75. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

76. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

78. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. <u>The amount of the debt;</u>
> 2. The name of the creditor to whom the debt is owed;
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> 4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

79. Defendants violated Section 1692g(a):

    a. By providing an incorrect amount of debt.

80. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Charles Yancey Boudreaux demands judgment from Defendant Transworld Systems, Inc. as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

5. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hollywood, Florida
February 10, 2022                                          Respectfully Submitted,

                                                           /s/ Justin E. Zeig
                                                           Justin E. Zeig, Esq.
                                                           Zeig Law Firm, LLC
                                                           3595 Sheridan Street Suite 103

Hollywood, FL 33021
754-217-3084
Justin@zeiglawfirm.com
*Attorneys For Plaintiff*